1 | MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
2 | DAVID A. WOOD, #272406
dwood@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt
4 | Irvine, CA 92620
Telephone: (949) 333-7777
5 | Facsimile: (949) 333-7778

6 | Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DONALD WOO LEE and LINDA BAE LEE,<br><br>(Lead Case)<br><br>In re:<br><br>PRIME PARTNERS MEDICAL GROUP, INC.,<br>    Debtor.<br><br>RICHARD A. MARSHACK, Chapter 7 Trustee,<br>    Plaintiff,<br><br>vs.<br><br>JEFF WOOD, an individual<br>    Defendant(s). | Case No.: 8:13-bk-17920-ES<br>[Lead Case]<br><br>Case No.: 8:13-bk-19404-ES<br>[Consolidated Case]<br><br>Chapter 7<br><br>Adv. No.<br><br>COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF UNAUTHORIZED POST-PETITION TRANSFERS<br><br>[11 U.S.C. §§ 549, 550, and 551] |

/ / /

/ / /

1

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF UNAUTHORIZED POST-PETITION TRANSFERS
301378v1/1015-080

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Plaintiff" or "Trustee") of the Bankruptcy Estates ("Estates") of Donald Woo Lee ("Dr. Lee") and Linda Bae Lee ("Ms. Lee," collectively with Dr. Lee the "Lees") and Prime Partners Medical Group, Inc. ("PPMG") (collectively, the "Debtors") files this Complaint against Jeff Wood ("Defendant" or "Mr. Wood") and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. On September 24, 2013, the Lees filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

2. On November 18, 2013, PPMG filed its own voluntary petition under Chapter 11 of Title 11 of the United States Code.

3. Dr. Lee is the 100% shareholder of PPMG.

4. On May 23, 2014, the Court entered an order substantively consolidating PPMG's Chapter 11 proceeding into the Lees' Chapter 11 bankruptcy case (as consolidated, the "Estates").

5. In December 2014, the Riverside District Attorney filed a felony complaint against Dr. Lee and others ("Criminal Proceeding"). The Criminal Proceeding alleges wrongdoing in connection with various loan(s) obtained by Dr. Lee.

6. As a result of the Criminal Proceeding, on December 19, 2014, Debtors and the United States Trustee ("UST") filed a stipulation ordering the UST to appoint a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(a) ("Trustee Stipulation").

7. On December 22, 2014, as Dk. No. 274, the Court entered an order granting the Trustee Stipulation. That same day, the UST appointed Richard A. Marshack as Chapter 11 Trustee of the Consolidated Cases.

8. On April 15, 2015, as Dk. No. 357, the Court entered an order converting the Consolidated Cases to a Chapter 7. On the same day, Plaintiff was appointed as the Chapter 7 Trustee for the Consolidated Cases.

9. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (H) (proceedings to recover fraudulent transfers), and (O) (other proceedings affecting the liquidation of the assets of the estate). To the extent any claim for relief contained herein is determined to be a *Stern*-claim or not a core proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

10. This adversary proceeding is filed pursuant to 11 U.S.C. §§ 549, 550, and 551 (a proceeding to avoid, recover, and preserve unauthorized post-petition transfers).

11. Plaintiff, as the Chapter 7 Trustee of the Debtor's bankruptcy estate, is the sole and exclusive party with standing to bring this action pursuant to 11 U.S.C. § 323.

12. This Court has jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 in that this civil proceeding arises in and relates to the bankruptcy cases pending in the United States Court for the Central District of California, Santa Ana Division, entitled *In re Donald Woo Lee and Linda Bae Lee* and *In re Prime Partners Medical Group, Inc.*, and substantively consolidated under Case No. 8:13-bk-17920-ES.

13. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

## PARTIES

14. Plaintiff is the duly appointed and acting Chapter 7 Trustee of the above entitled Estates under 11 U.S.C. § 702.

15. At all times relevant to the Complaint, Plaintiff alleges that PPMG is, and was, a corporation authorized to conduct business in the State of California.

16. At all times relevant to the Complaint, Plaintiff alleges that Defendant is, and was, an individual residing in the State of California.

## GENERAL ALLEGATIONS

17. Plaintiff alleges that Dr. Lee is the majority shareholder of PPMG and the individual controlling Debtor at the time of the Transfers discussed below.

18. During Plaintiff's investigations into PPMG's financial affairs, the following post-petition transfers to Defendant were discovered:

    i. On August 29, 2014, in the amount of $4,000 via Check No. 568;

    ii. On September 24, 2014, in the amount of $4,000 via Check No. 613;

    iii. On October 17, 2014, in the amount of $1,600.00 via Check No. 656;

    iv. On November 7, 2014, in the amount of $1,500.00 via Check No. 697;

    v. On November 11, 2014, in the amount of $1,400.00 via Check No. 698;

    vi. On November 16, 2014, in the amount of $1,400.00 via Check No. 699; and

    vii. On November 21, 2014, in the amount of $1,900.00 via Check No. 708.

(collectively, the "Transfers").

19. Plaintiff alleges that the Transfers were made after PPMG's November 18, 2013, Petition Date.

20. During Plaintiff's investigation into the Transfers, Plaintiff did not find any invoices and/or any documentation corroborating the business nature of the Transfers.

21. Each of the Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

22. Plaintiff is informed and believes that the Transfers were not consistent with PPMG's "ordinary course of business" as defined in 11 U.S.C. § 363(b).

23. Plaintiff alleges that each of the Transfers caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## FIRST CLAIM FOR RELIEF

(Avoidance, Recovery, and Preservation of Unauthorized Post Petition Transfers)

[11 U.S.C. §§ 549, 550, and 551]

24. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 23, inclusive, as though fully set forth herein.

25. Plaintiff alleges that after the commencement of Debtor's bankruptcy case, the Debtor made transfers of Estate property to Defendant in the sum of not less than $15,800.00. These transfers are referred to as the "Post-Petition Transfers."

26. Plaintiff alleges that the Post-Petition Transfers were either:

    a) Authorized only under 11 U.S.C. § 303(f) or § 542(c); or

    b) Not authorized pursuant to Title 11 of the United States Code or by Order of this Court.

27. The Trustee may avoid the Post Petition Transfers pursuant to 11 U.S.C. § 549.

28. The Trustee may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

29. The Trustee may preserve all avoided transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## PRAYER

WHEREFORE, Plaintiff prays that this Court enter Judgment as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. That the Post Petition Transfers be avoided pursuant to 11 U.S.C. § 549;

2. That Plaintiff recover the avoided Post Petition Transfers or a money judgment in an amount equal to the sum of each of the avoided Post Petition Transfers pursuant to 11 U.S.C. § 550;

### ON ALL CLAIMS FOR RELIEF

3. That all avoided transfers be preserved pursuant to 11 U.S.C. § 551;

4. For pre-judgment interest at the maximum rate allowed by law;

5. For costs incurred by Plaintiff in prosecuting this action; and

6. For such other and further relief as the Court may deem just and proper.

Dated: December 15, 2015        MARSHACK HAYS LLP

By: */s/ Matthew W. Grimshaw*
MATTHEW W. GRIMSHAW
DAVID A. WOOD
Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK